FILED

2013 Nov-14  PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KOURTNEY KNUDTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-cv-1036-JHE |
| | ) | |
| RECYCLE USA, INC. and TOM FISHER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., case in which the plaintiff, Kourtney Knudtson, and opt-in plaintiffs Amanda Wright, Jennifer Jackson, Sherry Wright Satterlee, and Amber McAnnally ("claimants"), seek payment from their employer Recycle USA, Inc., and Tom Fisher, (hereinafter collectively "Recycle USA"), for unpaid overtime wages and liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. §§ 216(b) and 217.  (*See* Complaint, Doc. 1).  It is now before the court on the parties' "Joint Motion for Approval of Agreement" ("Joint Motion," Doc. 23).  The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  For the reasons that follow, the court approves the parties' settlement and grants the motion to approve the joint stipulation of dismissal.

## FACTS

The plaintiff and claimants were employed by Recycle USA during various periods of time from 2009 through 2013.[1]  The plaintiff and all claimants allege Recycle USA violated the FLSA by paying them only straight time for hours worked in excess of 40 hours per week.  Doc. 23 at 2.  The plaintiff and all claimants except Sherry Satterlee claim Recycle USA further violated the FLSA by failing to allow them to take an uninterrupted 30-minute meal break in accordance with 29 C.F.R. § 785.19, but deducted 30 minutes from their "recorded time worked."  Doc. 1 at 4; doc. 23 at 2.[2]

The defendants admit that occasionally, the plaintiff and claimants worked more than 40 hours per week, and Recycle USA paid straight time instead of overtime compensation for this time.  Doc. 23 at 3.  The defendants believed their practice of providing meals for employees adequately compensated them.  *Id.*, at 3-4.  The defendants dispute the number of hours the plaintiff and claimants claim to have worked in excess of 40 hours per week.  However, for this settlement, the defendants have agreed to credit the plaintiff and claimants

---

[1]  Plaintiff Kourtney Knudtson was employed by Recycle USA from August, 2011, through April, 2013.  Claimant Amber McAnnally was employed by Recycle USA from July, 2010, through July, 2011.  Claimant Jennifer Jackson was employed by Recycle USA from July, 2010, through March, 2011.  Claimant Amanda Wright was employed by Recycle USA from November, 2009, through February, 2011, and from February, 2013, through March, 2013.  Claimant Sherry Satterlee was employed by Recycle USA from August, 2010, through April, 2012.  Doc. 23 at 2.

[2]  Recycle USA provided free lunch to the plaintiff and all claimants except Sherry Satterlee almost every work day.  Doc. 23 at 2.  The parties agree Recycle USA is entitled to credit the cost of the free lunches against any overtime liability.  *Id.*; *see* 29 C.F.R. § 531.32(c).  Recycle USA has applied such credits to the compensation of the plaintiff and claimants, except Sherry Satterlee.

with additional hours for each work week.  *Id.* at 4.  The plaintiff and claimants maintain the defendants have made a "whole relief offer," under which they will receive full back pay and liquidated damages in the following amounts:

| Plaintiff / Claimant | Back Pay plus Liquidated Damages |
|---|---|
| Kourtney Knudtson | $1,260.32 |
| Amber McAnnally | 52.21 |
| Jennifer Jackson | 142.88 |
| Amanda Wright | 116.76 |
| Sherry Satterlee | 1,614.10 |

## ANALYSIS

The FLSA provides employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week.  *See* 29 U.S.C. § 207(a)(1).  An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages.  29 U.S.C. § 216(b).  In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought

3

by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

While the parties agree the plaintiff and claimants worked overtime occasionally and Recycle USA paid them only straight time for overtime hours, the parties have a legitimate dispute over the number of hours the plaintiff and claimants worked in excess of 40 per work week. The defendants' "whole relief offer," under which the plaintiff and claimants will receive full back pay and liquidated damages in the amounts set out above is an appropriate amount for the disputed overtime pay.

Also included in the settlement is the agreed-upon attorney's fee of $10,000.00. "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010)(quoting *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Because the plaintiff and claimants are receiving full back pay and

liquidated damages, their recovery clearly was not affected by the amount of the attorneys' fee. Although the court could approve the settlement without considering the reasonableness of the attorneys' fee, the court has considered the amount of the fee and finds it to be reasonable.

## CONCLUSION

Premised on the foregoing, the court finds the proposed settlement to be fair and reasonable under the circumstances as to the plaintiff and claimants. The settlement is due to be approved and this matter dismissed with prejudice.

DONE this 14th day of November, 2013.

_____
JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE